UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 06-20336
HON. AVERN COHN

WALTER STARGHILL,

    Defendant.
    _____/

**MEMORANDUM AND ORDER**
**DENYING MOTION TO DISMISS SUPERSEDING INDICTMENT**

I.

This is a criminal case. Defendant is charged with in a two count indictment with Mail Fraud, in violation of 18 U.S.C. §1341 (Count 1) and Wire Fraud, in violation of 18 U.S.C. §1343 (Count 2). Before the Court is defendant's motion to dismiss the indictment on the grounds that the indictment does not allege a material misrepresentation or concealment of any material fact. For the reasons that follow, the motion is DENIED.

II.

Essentially, the indictment alleges a scheme by which defendant, controlling person of Starghill Alternative Energy Corporation (Starghill), schemed to defraud Clinton Energy Management Services (Clinton), a supplier of natural gas, by diverting payments due Clinton from TXU Energy Services (TXU), a buyer of natural gas. Starghill was an intermediary between Clinton and TXU. Starghill bought natural gas

from Clinton and sold it to TXU. Starghill was required to deposit the payments from TXU to Starghill in a bank account jointly owned by Starghill and Clinton. The monies deposited in the account were withdrawn by Clinton.

As part of the arrangement, Starghill was periodically billed by Clinton, and in turn, Starghill periodically billed TXU. Sometime during the course of dealings, defendant began depositing the checks received from TXU for payment of the natural gas into bank accounts in which Clinton was not an owner, and then the monies in these accounts was then withdrawn by defendant and used for his own purposes. Thus, Clinton was defrauded by the fact it was billing natural gas to Starghill, which because of defendant's actions it was not receiving payment. This scheme persisted for some time. Starghill personally profited from it.

### III.

An indictment must set forth all of the elements necessary to constitute the offense charged. See United States v. Douglas, 398 F.3d 407, 411 (6th Cir. 2005). One of the common elements of mail and wire fraud is that the scheme to defraud include a material misrepresentation or concealment of a material fact. See Sixth Circuit pattern jury instructions, §§ 10.01. and 10.02. The indictment meets this requirement. As explained by the government in its response:

> The Superseding Indictment alleges that it was a part of defendant Walter Starghill's agreement with Clinton to pay for natural gas which Clinton supplied to TXU's client, DaimlerChrysler, by depositing funds which he received from TXU into an account from which Clinton would make periodic, electronic withdrawals. Starghill's agreement to deposit funds, as received from TXU, into a specific account which could be accessed by Clinton, constituted a material misrepresentation in light of his breach of that agreement by

2

> the diversion of those funds to accounts which Clinton could
> not access, and the subsequent transfer of those funds to
> various other accounts by the defendant and associates of
> the defendant.

Response at p. 5 (citations to indictment omitted).

SO ORDERED

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 10, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160